UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **United States of America** | Criminal No.: 19-cr-0678-WJM |
| v. | |
| **Alice Chu** | OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Defendant Alice Chu has moved the Court for entry of an order granting her a jury trial by April 26, 2021, or, in the alternative, for dismissal of the indictment against her, under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* For the reasons set forth below, Defendant's motion is **DENIED**.

## I.    BACKGROUND

### A.    Factual Background and Procedural History

    On September 24, 2019, a federal grand jury returned a five-count indictment against Defendant charging her with one count of conspiracy to commit health care fraud (Count 1) and four counts of health care fraud (Counts 2-5). Indictment, ECF No. 1. The indictment alleged, among other things, that Defendant defrauded Medicare and private insurance companies by submitting over $8.8 million in false and fraudulent claims for "items and services that were medically unnecessary, ineligible for reimbursement, and/or not provided as represented." *Id.* at ¶ 5(j). The next day, on September 25, 2019, Defendant made her initial appearance and was released on a $250,000 unsecured appearance bond conditioned on, among other things, prohibitions on all international travel and on billing to Medicare, Medicaid, or any other federal health care program. Order Setting Conditions of Release, ECF Nos. 5, 6.

    On October 22, 2019, with the consent of the parties, the Court entered a continuance order, finding that the failure to grant such a continuance would deprive the parties of the time necessary to effectively prepare for trial and ordering that the period between October 22, 2019 through March 12, 2020 be excluded for purposes of computing time under the Speedy Trial Act. Order for Continuance, ECF No. 10. Following a March 5, 2020 status conference, the Court set a trial date for February 22, 2021. Minutes of March 5, 2020 Status Conference, ECF No. 14.

    On June 23, 2020, again with the consent of the parties, the Court entered another continuance order, once again finding that the failure to grant such a continuance would deprive the parties of the time necessary to effectively prepare for trial and ordering that the period between March 12, 2020 through February 22, 2021 be excluded for purposes of computing time under the Speedy Trial Act. Order for Continuance, ECF No. 25.

The parties agree that forty-three (43) days remain on Defendant's "speedy trial clock." In other words, barring further continuances under the Speedy Trial Act, this case must proceed to trial within forty-three "unexcluded" days of the expiration of the last effective continuance.

On January 20, 2021, Defendant filed the instant motion (the "Motion"), seeking an order requiring Defendant's trial to begin within sixty-three (63) days of February 22, 2021 or for the indictment to be dismissed. ECF No. 34.

### B.     COVID-19 and Applicable Standing Orders

In light of the exigent circumstances brought on by the global COVID-19 pandemic and the emergencies declared by federal and state officials, on March 16, 2020, the Chief Judge of this Court entered Standing Order 20-02. Standing Order 20-02, among other things, continued all criminal and civil jury trials through April 30, 2020 and excluded the time between March 16, 2020 and April 30, 2020 for purposes of computing time under the Speedy Trial Act. Standing Order 20-02 ¶ 6, ECF No. 17. Specifically, the Chief Judge found that the ends of justice served by such an exclusion of time outweighed the interests of the public and the parties in a speedy trial because an exclusion was necessary to provide "a full, unhindered, continuously serving jury" in every case and "to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients." *Id*. Pursuant to Standing Order 2020-09, the Chief Judge extended the continuances ordered by Standing Order 20-02 through May 31, 2020 and further ordered that the time period between March 16, 2020 and May 31, 2020 be deemed "excluded time" under the Speedy Trial Act. Standing Order 20-09 ¶ 3, ECF No. 21.

On May 22, 2020, the Chief Judge issued Standing Order 2020-12. Standing Order 20-12 superseded Standing Orders 20-02, 20-03, 2020-04, and 2020-09 and further continued all civil and criminal jury selections and trials through August 31, 2020. Standing Order 2020-12 ¶¶ 1-2, ECF No. 22. Standing Order 2020-12 ordered that the time period between March 16, 2020 and August 31, 2020 be deemed "excluded time" under the Speedy Trial Act. *Id.* at ¶ 3. Specifically, the Chief Judge acknowledged the rights of criminal defendants, including their Sixth Amendment right to a speedy and public trial, but determined that due to the continuing public health and safety issues related to the COVID-19 pandemic, the ends of justice served by a continuance of jury trials and an exclusion of time under the Speedy Trial Act outweighed the best interests of the public and the parties in a speedy trial. *Id.*

Standing Order 2020-12 has been extended three times, most recently on December 17, 2020. Pursuant to the Third Extension of Standing Order 2020-12 (the "Third Extension"), all civil and criminal jury selections and trials are continued until March 12, 2021. Third Extension ¶ 1, ECF No. 33. The Chief Judge further ordered that the time period between March 16, 2020 and March 12, 2021 be deemed "excluded time" under the Speedy Trial Act. *Id.* at ¶ 3. As with the initial Standing Order 2020-12, the Chief Judge acknowledged the rights of criminal defendants to a speedy and public trial, but determined that, due to the compelling public health and safety issues related to the COVID-19

pandemic, the ends of justice served by such continuance materially outweighed the best interests of the public and the parties in a speedy trial. *Id.* Importantly, the Chief Judge expressly considered the relevant factors outlined in 18 U.S.C. § 3161(h)(7)(B) and found that "the failure to grant such continuance would likely make a continuation of proceedings impossible, or result in a miscarriage of justice" and that "[s]uch exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice." *Id.*

Although the continuances provided for therein substantially overlapped with those entered by the Court with the consent of the parties, each of these Standing Orders, as well as the extensions thereof, were filed on the docket in this case. Defendant has never moved for reconsideration of any Standing Orders, extensions thereof, or any other Order of Continuance entered by the Court.

## II.     LEGAL STANDARD

The Sixth Amendment guarantees all criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). Despite this guarantee, however, the Sixth Amendment does not proscribe any specified length of time within which a criminal trial must commence.

To give effect to the Sixth Amendment right to a speedy and public trial, Congress enacted the Speedy Trial Act, which sets "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). As relevant here, the Speedy Trial Act requires that a criminal trial begin within seventy (70) days from the date on which the indictment was filed, or the date on which the defendant makes their initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). Recognizing the need for flexibility depending on the circumstances of particular cases, however, the Speedy Trial Act also "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h). Of particular importance here, the Speedy Trial Act provides for the exclusion of:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable

> under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, the Speedy Trial Act sets forth a non-exhaustive list of factors for the Court to consider, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). If a trial does not begin within seventy "non-excluded" days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

### III. DISCUSSION

In resolving the instant motion, it is easier to identify the matters which are not in dispute. The parties do not dispute the validity of the prior Orders of Continuance entered by the Court with their consent, excluding the time between October 22, 2019 through February 22, 2021 for purposes of the Speedy Trial Act. Nor do the parties dispute that forty-three (43) days remain on Defendant's speedy trial clock. The only apparent disputes between the parties are whether the Third Extension, including the findings and conclusions made therein, apply to this case, and whether the Court may order a trial to start no later than April 26, 2021 or else have the indictment dismissed.[1]

#### A. The Third Extension Applies to This Case

With respect to the applicability of the Third Extension, it is not clear whether there is any real dispute between Defendant and the Government. Based on Defendant's willingness to accept a trial date of April 26, 2021, forty-three (43) days from March 12, 2021,[2] the final day of the continuance ordered by the Third Extension, it appears that the parties agree that the Third Extension applies to this case and that the period of time between February 22, 2021 and March 12, 2021 is properly excluded for purposes of the Speedy Trial Act. However, Defendant also argues that the findings and conclusions made by the Chief Judge in the Third Extension are either irrelevant to Defendant's case or too generalized to effect a continuance thereof.

For the avoidance of doubt, the Court finds that the Third Extension unquestionably applies to this case. First, any challenge raised by the Defendant to the Third Extension is untimely. Defendant's Motion was not filed until January 20, 2021. The Third Extension,

---

[1] In her reply, Defendant accepts the Government's calculation that the latest date on which a trial must begin in this case is April 27, 2021. However, the Government's calculation, as well as the Court's own, provide that, assuming no further continuances, Defendant's speedy trial clock will run out, and a trial must begin, on Monday, April 26, 2021.

[2] Technically, forty-three days from March 12, 2021 would be April 24, 2021. Because April 24, 2021 is a Saturday, the trial date for Speedy Trial Act purposes would roll over to the following Monday, April 26, 2021.

however, was issued on December 17, 2020, and filed on the docket of this case on December 20, 2020. Defendant had until January 4, 2021, fourteen days from entry of the Third Extension on the docket, to move for reconsideration pursuant to Local Civil Rule 7.1, as incorporated into criminal proceedings by Local Criminal Rule 1.1, and failed to do so. L. Civ. R. 7.1(i); L. Cr. R. 1.1. Accordingly, the Court will not entertain an untimely request for reconsideration of the Third Extension.

Moreover, the Court finds Defendant's characterization of the Third Extension, and her reliance on several out-of-district cases, unpersuasive. Contrary to Defendant's argument that the Third Extension relied on generalized assertions about the risks posed by the COVID-19 pandemic rather than case specific findings, it is clear that the Chief Judge made specific factual findings that apply to equally to Defendant's case and other criminal cases pending in the District of New Jersey. For example, the Chief Judge specifically noted, among other things, that (1) national, state, and public health emergencies have been declared in response to the COVID-19 pandemic and remain in effect; (2) that the continued guidance from state and federal health officials emphasizes the need to limit indoor gatherings of people and maintaining appropriate social distancing; (3) that jury selection often requires large jury pools consisting of individuals in or caring for those in groups that are particularly at risk of severe illness due to COVID-19; and (4) the risk of diminishing the representative nature of the pool of summoned jurors due to the number of people at increased risk of severe complications due to COVID-19, as well as the strain serving on a jury would pose to those employed in essential public functions or those who face substantial childcare challenges in the wake of continued school closures. Third Extension at 1-2. In light of these and other findings, the Chief Judge determined that the continuance of all jury trials through March 12, 2021 was necessary to, among other things, "further public health and safety, the heath and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel and the general public." *Id.* at 2. There is simply no basis for the Court to conclude that the Third Extension cannot properly exclude time under the Speedy Trial Act in Defendant's case simply because these specific findings made by the Chief Judge, which the parties do not challenge, also apply with equal force to other cases.

In addition, in deciding that an extension of the continuance of jury selection and trials, and a corresponding exclusion of time, were warranted, the Chief Judge conducted the appropriate balancing test as required by the Speedy Trial Act. The Chief Judge specifically acknowledged the importance of the right to a speedy and public trial and balanced the interests of defendants and the public in that right against the "compelling public health and safety issues" arising out of the COVID-19 pandemic. *Id.* at ¶ 2. In conducting this balancing test, the Chief Judge noted, pursuant to 18 U.S.C. § 3161(h)(7)(B), that the failure to issue such a continuance and exclusion of time "would likely make a continuation of proceedings impossible, or result in a miscarriage of justice"

5

because of, among other things, the difficulties in seating a full, unhindered jury for the duration of every trial. *Id.*[3]

To that end, the cases cited by Defendant are inapposite. First, in *United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000), the Ninth Circuit found that a magistrate judge's exclusion of time under the Speedy Trial Act was improper because the magistrate judge did not make specific findings on the record supporting the need for a continuance and exclusion of time required by the statute. *Id.* at 1154. By contrast, here, the Chief Judge made numerous, written, on-the-record findings and conclusions, considered the applicable factors, and conducted the appropriate balancing test with respect to the Third Extension and the need for an exclusion of time under the Speedy Trial Act. These findings and conclusions were then made specifically applicable to this case upon the filing of the Third Extension on the docket. As noted above, these findings and conclusions are no less specific or effective simply because they apply broadly to the many criminal matters pending in this District as a result of the unique challenges and risks posed by the global COVID-19 pandemic. Second, there is no argument in this case that the delay in proceeding to trial was in any way the result of improper or dilatory conduct by the Government. *Compare United States v. Sheikh*, – F.3d –, 2020 WL 5995226, at *3-4 (E.D. Cal. Oct. 9, 2020) (finding ends of justice did not support exclusion of time and required immediate dismissal where, in addition to the stress imposed on Defendant and the harassment she received as a result of her indictment, the government's own delay is producing materials prevented court from holding a trial prior to the COVID-19 pandemic). Finally, each of the Standing Orders, and extensions thereof, including the Third Extension, have been of a definite duration based on specific and up-to-date factual findings made by the Chief Judge. *Compare United States v. Olsen*, – F.3d –, 2020 WL 6145206, at *5-6 (C.D. Cal. Oct. 14, 2020) (finding General Order continuing all jury trials issued by chief judge inapplicable because, among other things, it was for indefinite period of time and made no case-specific factual findings).[4]

---

[3] Defendant appears to challenge the Chief Judge's analysis as applied to her case because the statute of limitations on the charges against her has not run, and, if the indictment were dismissed without prejudice, future charges could be theoretically be brought. Reply at 4. This argument is unpersuasive, and Defendant has not provided any authority in support thereof. Under Defendant's theory, no continuances or exclusions could ever be ordered under 18 U.S.C. § 3161(h)(7)(B)(i) with respect to any defendant for whom the statute of limitations has not run, and indictments for any such defendant must be dismissed without prejudice. There is nothing in the Sixth Amendment or the Speedy Trial Act which requires such a result.

[4] The Court in *Olsen* based its decision on a wide variety of facts and legal arguments, including its understanding of the requirements of the Speedy Trial Act. The Court need not address the conclusions made by the district court in *Olsen*, however, because the underlying facts of that case differ substantially from those here. For example, and as noted above, unlike the General Order at issue in that case, the Third Extension at issue here is for a reasonable and definite period of time. Moreover, the Court has already determined that the Third Extension contains factual findings and conclusions sufficiently specific to support a continuance and exclusion of time under the Speedy

### B. The Court Cannot Grant the Specific Relief Sought

As noted above, the parties agree that, absent further continuances and exclusions of time, a trial must begin in this case no later than April 26, 2021. In other words, there is no dispute that Defendant's speedy trial clock has not yet expired and that there is no basis upon which the indictment may be dismissed at this time. The only relief Defendant apparently seeks is an order from this Court essentially stating that no further continuances or exclusions of time will be permitted in this case, and that a trial will in fact begin on or before April 26, 2021 or else the indictment must be dismissed. The Court, however, cannot grant this relief. Granting Defendant's Motion would require the Court to speculate not only on the state of public health and safety issues related to the COVID-19 pandemic between now and the end of April, but on the propriety of future orders issued by the Chief Judge. Such speculation would be inappropriate in light of the gravity and evolving nature of the current global crisis. There is no reason at this time for the Court to speculate as to the possibility of future continuances or exclusions of time, nor is there any reason to suspect that any decision with respect thereto would be made without the careful and thoughtful analysis required by the Speedy Trial Act.

The Court is sympathetic to Defendant's concerns, which are surely shared by a substantial number of criminal defendants whose cases have stalled as a result of the COVID-19 pandemic. The right to a speedy and public jury trial provided by the Sixth Amendment is among the most important rights and protections guaranteed by our Constitution, and it is not one that may be simply cast aside in times of unrest or uncertainty. As the Standing Orders and extensions thereof make clear, however, the decision to continue jury trials and exclude time under the Speedy Trial Act is not one that has been made lightly. Rather, the Standing Orders acknowledge the grave importance of the right to a speedy and public trial both to criminal defendants and the broader public, but conclude that, in light of the continued public health and safety issues posed by COVID-19, proceeding with such trials would not only risk the health and safety of those involved, including court personnel, defendants, counsel, and the jurors, but would pose an unacceptable risk to the integrity of the jury selection process and the trial itself.

---

Trial Act in this case. Finally, a unique concern animating the court's decision in *Olsen*, which is not applicable to this case, was the perceived unfairness and incongruity of the prohibition on federal jury trials in light of the availability of in-person jury trials at a neighboring state courthouse. *Olsen*, – F.3d –, 2020 WL 6145206, at *5.

7

## IV.     CONCLUSION

For the reasons set forth above, Defendant's Motion is **DENIED**.

*s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 9, 2021**