# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**ALICE CHU** | Criminal No.: 19-cr-0678-WJM<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

Defendant Alice Chu ("Defendant") has moved for reconsideration of Standing Order 2021-04 continuing all criminal and jury trials to June 1, 2021, or, in the alternative, dismissal of the indictment against her for violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq*. For the reasons set forth below, Defendant's motion is **DENIED**.

## I. BACKGROUND

The facts and procedural history of this case are set forth in detail in the Court's March 9, 2021 Opinion denying Defendant's motion for a trial date before April 26, 2021 or for dismissal of the indictment against her, familiarity with which is assumed.

On March 11, 2021, the Chief Judge of this Court issued Standing Order 2021-4. Pursuant to Standing Order 2021-04, all civil and criminal jury selections and trials are continued to June 1, 2021. Standing Order 2021-04 at ¶ 1. In so ordering, the Chief Judge noted the challenges and serious health risks posed by the ongoing COVID-19 pandemic, the guidance of federal and state public health officials, and the burgeoning effort to achieve widespread vaccination of the population. *Id*. at 1-3. Specifically, the Chief Judge noted that judicial employees would not become eligible for any COVID-19 vaccine in New Jersey until March 29, 2021, with the rest of the public becoming eligible at some later date,[1] and that, because the vaccination process for certain of the vaccines takes between five and six weeks to become effective, most individuals will not be fully vaccinated until the end of May, 2021. *Id*. at 2. With respect to criminal matters, the Chief Judge stated:

> [T]he Court recognizes the trial, procedural and substantive rights of criminal litigants and particularly, their right to a speedy and public trial under the Sixth Amendment (and the particular application of that right in cases involving defendants who are detained pending trial). However, the Court

---

[1] As of April 19, 2021, all individuals over the age of 16 are eligible to schedule an appointment for, and receive, a COVID-19 vaccination. *See Governor Murphy Announces All Individuals Ages 16 and Older Will be Eligible for COVID-19 Vaccination on April 19*, OFFICIAL SITE OF THE STATE OF N.J., https://www.nj.gov/governor/news/news/562021/20210405a.shtml (last visited April, 27, 2021).

also recognizes the compelling public health and safety issues outlined in this Standing Order, and therefore, pursuant to 18 U.S.C. §3161(h)(7)(A), finds that the ends of justice served by taking such action materially outweigh the best interests of the public and the parties in a speedy trial. Accordingly, the Court ORDERS that the time period of March 16, 2020 through June 1, 2021 shall be "excluded time" under the Speedy Trial Act. Having considered the factors outlined in 18 U.S.C. §3161(h)(7)(B), the Court finds specifically, that the failure to grant such continuance would be likely to make a continuation of proceedings impossible, or result in a miscarriage of justice. Such exclusion is necessary to assure that in cases going to trial, there is a full, unhindered, continuously serving jury venire and seated jury in every case, which is central to the sound administration of justice. Such exclusion of time is also necessary in cases not yet set for trial in order to address the reasonably anticipated difficulties in defense counsel communicating or visiting with clients (including those detained in locales and facilities under a declared state of emergency), and the inherent delay in the scheduling of further trials as a consequence of the exclusion period herein. The Court may by further Order or Extension extend the period of exclusion as circumstances may warrant, and the assigned judicial officer may, by Order, also do so in connection with any specific proceeding.

*Id.* at ¶ 2.

Standing Order 2021-04 was entered on the docket of this case on March 15, 2021. ECF No. 39. Defendant filed the instant motion for reconsideration shortly thereafter, on March 22, 2021. ECF No. 40. The Government filed its response in opposition to Defendant's motion on April 5, 2021. ECF No. 41. No reply was filed by Defendant in support of her motion.

## II. LEGAL STANDARD

The Sixth Amendment guarantees all criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). Despite this guarantee, however, the Sixth Amendment does not proscribe any specified length of time within which a criminal trial must commence.

To give effect to the Sixth Amendment right to a speedy and public trial, Congress enacted the Speedy Trial Act, which sets "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). As relevant here, the Speedy Trial Act requires that a criminal trial begin within seventy (70) days from the date on which the indictment was filed, or the date on which the defendant makes their initial appearance,

2

whichever occurs last. 18 U.S.C. § 3161(c)(1). Recognizing the need for flexibility depending on the circumstances of particular cases, however, the Speedy Trial Act also "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h). Of particular importance here, the Speedy Trial Act provides for the exclusion of:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, the Speedy Trial Act sets forth a non-exhaustive list of factors for the Court to consider, including "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). If a trial does not begin within seventy "non-excluded" days, the indictment must be dismissed. 18 U.S.C. § 3162(a)(2).

### III. DISCUSSION

Defendant asks the Court to reconsider Standing Order 2021-04 as applied to her case due to emergent circumstances warranting relief therefrom. *See* Standing Order 2021-04 at ¶ 10 (providing that litigants may seek relief from Standing Order 2021-04 due to emergent circumstances). Specifically, Defendant states that the general findings of fact and conclusions of law made by the Chief Judge in Standing Order 2021-04 neither adequately consider nor sufficiently outweigh her individual interests in having her case expeditiously proceed to trial prior to June 1, 2021. The Court disagrees.

#### A. The Chief Judge Reasonably Conducted the Appropriate Balancing Test

First, in issuing Standing Order 2021-04, the Chief Judge made specific factual findings that relate to the needs of the federal courts in the District of New Jersey based on the ongoing effects of the COVID-19 pandemic within this District. For example, the Chief Judge noted, among other things, the number of confirmed cases of, and deaths caused by, COVID-19 in New Jersey as well as the vaccination process and vaccine availability in New Jersey in concluding that vaccinations would not be completed for substantial numbers of judicial employees and the public generally until May. *Id.* at 1-3. Furthermore,

the Chief Judge specifically noted how the New Jersey COVID-19 Vaccination Plan and various governmental public health orders would impede the Court's ability to establish a diverse and representative jury pool and facilitate an efficient and fair jury trial. *Id.* These findings reflect conditions that affect the District as a whole and therefore apply with equal force to all cases pending therein, including this case.[2] As the Court stated in its March 9, 2021 Opinion in reference to the Third Extension of Standing Order 2020-12, "[t]here is simply no basis for the Court to conclude that [the Standing Orders] cannot properly exclude time under the Speedy Trial Act in Defendant's case simply because these specific findings made by the Chief Judge, which the parties do not challenge, also apply with equal force to other cases." Mar. 9, 2021 Op. at 5.

Second, after making these specific factual findings, the Chief Judge conducted the appropriate balancing test in determining that the period between March 12, 2021 and June 1, 2021 shall be excluded for purposes of the Speedy Trial Act. As noted above, the Chief Judge specifically weighed criminal defendants' rights and interests in a speedy and public trial under the Sixth Amendment against the "compelling public health and safety issues" related to the COVID-19 pandemic, including the need to protect the health and safety of Court personnel and would-be trial participants. Standing Order 2021-04 at 3, ¶ 2. In so doing, the Chief Judge concluded that the failure to grant a continuance and exclusion of time would "be likely to make a continuation of proceedings impossible, or result in a miscarriage of justice" because, among other things, the Court would be unable to "assure that . . . there is a full, unhindered, continuously serving jury venire and seated jury in every case." *Id.* at 2. That Defendant appears to view the implications of the facts cited by the Chief Judge differently does not provide a basis for the Court to conclude that the Chief Judge's analysis was insufficient or her balancing of these difficult and important competing interests unreasonable.

### B. Consideration of Defendant's Individual Circumstances Do Not Warrant an Exception to Standing Order 2021-04

Beyond the factual findings made by the Chief Judge in Standing Order 2021-04 based on the factors outlined in 18 U.S.C. § 3161(h)(7)(B), the Court finds that Defendant's individual circumstances do not materially alter the analysis such that an exception to Standing Order 2021-04's continuation of jury trials and exclusion of time is warranted. Though not binding, the Court finds the list of non-statutory factors identified by the Ninth Circuit in a recent opinion helpful as a starting point in analyzing whether a continuance

---

[2] For this reason, Defendant's references to other states and federal districts which may have resumed certain judicial proceedings is unavailing. The appropriate official in each such jurisdiction must decide whether the circumstances in their jurisdiction require any restrictions or limitations on judicial proceedings. This decision depends on a variety of facts and circumstances unique to each jurisdiction and the balancing thereof by the appropriate officials. That the impact of the COVID-19 pandemic may vary in different jurisdictions or that any other officials or judicial officers have balanced these considerations differently does not render the Chief Judge's analysis unreasonable as it relates to judicial proceedings in this District.

and accompanying exclusion of time (or, conversely, whether an exception to a Standing Order granting such an exclusion) is warranted under the Speedy Trial Act, including: "(1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial." *United States v. Olsen*, – F.3d –, 2021 WL 1589359, at *7 (9th Cir. Apr. 23, 2021).

Here, the Court adopts and incorporates the Chief Judge's analysis as to its present inability to conduct a meaningful jury trial safely, and that the failure to grant a continuance in this case would likely make a continuation of these proceedings impossible or result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i). With respect to Defendant's individual circumstances, the Court notes that Defendant is not detained and therefore does not face a risk of COVID-19 exposure due to prolonged pre-trial detention. Further, Defendant has only recently invoked her speedy trial rights; prior to the COVID-19 pandemic, the parties in this case agreed to a February 22, 2021 trial date and consented to exclusions of time under the Speedy Trial Act from October 22, 2019 through February 22, 2021. Order for Continuance, ECF No. 10; Minutes of March 5, 2020 Status Conference, ECF No. 14.; Order for Continuance, ECF No. 25. In other words, the only delay which has been imposed on Defendant over her objection is that from February 22, 2021 through June 1, 2021.[3] Finally, although Defendant is not accused of violent crimes, and the Court is not aware of any specific risk of recidivism if the chares against her are dismissed, the charges themselves are nonetheless serious.

Ultimately, underlining all this analysis is a question of what prejudice the Defendant will suffer by denying her request for an exception to Standing Order 2021-04 or for dismissal of the indictment and whether such prejudice is outweighed by the factors identified by the Chief Judge in ordering the "ends-of-justice continuance" of jury trials and excluding time under the Speedy Trial Act through June 1, 2021. As the Supreme Court has recognized, Defendant has three primary interests that are secured by her right to a speedy trial: (1) avoiding oppressive pretrial incarceration; (2) minimizing anxiety and uncertainty; and (3) avoiding impairment of the defense. *See Barker v. Wingo*, 407 U.S. 514, 532 (1972). Here, the only Sixth Amendment interest Defendant asserts is her interest in minimizing pretrial anxiety and uncertainty. While the Court acknowledges Defendant's claims of stress and the financial, social, and medical toll the criminal justice process has taken on her, as well as the potential for any delay in the conclusion of this process to

---

[3] To that end, the Court notes the District's Phase III Reopening Protocol, which anticipates the resumption of criminal jury trials starting June 1, 2021 in a limited capacity. *Phase III Protocol*, U.S. DIST. CT. FOR THE DIST. OF N.J., at 1 (Mar. 23, 2021), https://www.njd.uscourts.gov/sites/njd/files/PhaseIIIResume.pdf.

exacerbate those concerns, such anxiety and stress standing alone is insufficient to establish the "emergent circumstances" necessary to justify relief from Standing Order 2021-04. Not only is the Court without any documentary evidence supporting Defendant's claims of stress-related medical conditions, even with such evidence, the Court cannot conclude that these concerns either outweigh the compelling public health and safety concerns inherent in empaneling and seating a jury for a criminal trial at this time as identified by the Chief Judge in Standing Order 2021-04 or constitute "emergent circumstances" warranting relief therefrom.

Accordingly, having considered the statutory factors enumerated in 18 U.S.C. § 3161(h)(7)(B), the COVID-19-related non-statutory factors identified by the Ninth Circuit, and Defendant's relevant Sixth Amendment interests in proceeding to trial prior to June 1, 2021, the Court finds, for the reasons set forth herein and by the Chief Judge in Standing Order 2021-04, that (1) Defendant has not presented sufficient evidence of "emergent circumstances" such that relief from Standing Order 2021-04's continuance of criminal jury trials is warranted, and (2) the ends of justice served by the granting of a continuance and exclusion of time under the Speedy Trial Act through June 1, 2021 outweigh the best interest of the public and Defendant in a speedy trial in this case.[4]

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**.

*/s/ William J. Martini*
_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: May 4, 2021**

---

[4] The Court also notes that because no Speedy Trial Act violation has yet occurred due to the continuations and exclusions of time that have continued to apply to Defendant's case, there is no basis for dismissal of the indictment at this time.