UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-vs-<br><br>ALICE CHU,<br><br>Defendant. | Criminal No. 19-0678-WJM<br><br>**DEFENDANT ALICE CHU'S**<br>**MOTION TO DISMISS** |

PLEASE TAKE NOTICE that Defendant Alice Chu hereby moves the Court to dismiss the Superseding Indictment in the captioned matter under Federal Rule of Criminal Procedure 48(b)(1) and (3). In support of this motion, Defendant relies upon the following:

1) The original Indictment in this matter was filed on September 24, 2019.

2) Between January 2021 and June 2021, Defendant repeatedly made clear her intention to assert her right to a speedy trial by repeatedly moving the Court to schedule a trial date consistent with the Speedy Trial Act and challenging continuances entered in response to the COVID-19 pandemic.

3) On June 3, 2021, the Court held a conference call with counsel for the purpose of scheduling a trial in this matter, offering July 6, 2021, or October 12, 2021.

4) The government requested the October date because it needed time to prepare for trial.

5) Defense counsel insisted on the July 7 date because of Defendant's desire for a speedy trial.

6) The Court granted Defendant's request on the grounds that the government had been put on notice by Defendant's multiple motions that this case would be tried to a jury at the earliest possible date.

7) Later that afternoon, the Court held a second conference call, informing counsel that there already was another jury trial scheduled in the District of New Jersey for July 6, not more than one jury trial could take place at any one time under the Court's COVID-19 protocols, it would take the Clerk's office six weeks to send out additional jury notices and, therefore, trial would have to take place in October.

8) On June 4, 2021, the Court made a docket entry setting trial for October 12, 2021.

9) On June 7, 2021, while defense counsel was away, the government submitted an order for a continuance on the basis that, among other things, "[t]he public health hazard presented by COVID-19 continues to impact the functioning of the Court," which was "so ordered" by the Court.

10) On June 21, 2021, Defendant filed a motion for reconsideration of the continuance order and October 12, 2021 trial date, again demanding a speedy trial.

11) On June 23, 2021, the Court made a docket entry setting a new peremptory trial date for August 3, 2021.

12) A day later, on June 24, 2021, the government informed defense counsel that it intended to present a superseding indictment to the grand jury on July 23, 2021, 11 days before the August 3, 2021 trial date.

13) On June 25, 2021, the government informed the Court that it intended to present a superseding indictment.

14) On June 29, 2021, the Court held a status conference to inquire regarding the government's decision to present a superseding indictment and ordered the government to file an explanation of its decision by July 1, 2021.

15) On July 1, 2021, the government filed its explanation under seal.

16) Defendant promptly filed a letter with the Court stating its concern that the government's explanation indicated that it had abused the grand jury to defeat Defendant's right to a speedy trial and to otherwise prepare for trial.

17) That same day, the Court held a telephonic status conference at which it stated that, after reading the government's explanation, and even before receiving Defendant's letter, the Court too had concerns about grand jury abuse.

18) Consequently, the Court ordered the government to decide, by July 6, 2021, whether it intended to go forward with presenting a superseding indictment. If it decided *not* to present a superseding indictment, trial would proceed on August 3, 2021. If the government decided go forward with presenting a superseding indictment, the August 3, 2021 trial date would have to be adjourned because there would be insufficient time for the Court to inquire into the possibility of abuse of the grand jury by the government.

19) On July 6, 2021, the government informed the Court that it intended to proceed with presenting a superseding indictment to the grand jury on July 23, 2021.

20) On July 7, 2021, the Court entered an Order adjourning trial to October 12, 2021.

21) Under the Court's October 22, 2019 scheduling order, the government was required to provide all discovery on or before November 15, 2019.

22) Since June 1, 2021, the government has made seven additional productions of discovery materials to Defendant; six of those productions were made on or after June 23, 2021, when the Court changed Defendant's trial date back to August 3, 2021.

23) The sequence of events set forth above gives rise to a reasonable inference that the government – unhappy with the Court's scheduling of trial in response to Defendant's repeated assertions of her right to a speedy trial – has been doing everything it can to pressure Defendant to

acquiesce to a delay of trial, by forcing Defendant to file a motion that would have the effect of tolling the speedy trial clock, or otherwise forcing Defendant to relinquish her right to a speedy trial.

24) It is improper for the government to intentionally delay trial "to gain some tactical advantage over (defendants) or to harass them." *United States v. Marion*, 404 U.S. 307, 325 (1971).

25) In pursuing that objective, it appears the government has misused the grand jury.

26) A prosecutor may not, once an individual has been indicted, use the grand jury process to gather additional evidence against the person for use at their upcoming trial. *In re Grand Jury Proceedings*, 632 F.2d 1033 (3d Cir.1980). *See also United States v. (Under Seal)*, 714 F.2d 347, 349 (4th Cir. 1983) (recognizing that grand juries "serve[ ] an independent investigatory function and [are] 'not meant to be the private tool of the prosecutor'") (citation omitted). Thus, once a defendant has been indicted, "[a]buse of the grand jury occurs when the government uses it for the 'sole or dominant purpose' of conducting discovery or preparing for trial on a pending indictment." *United States v. McLaughlin*, 910 F. Supp. 1054, 1062 (E.D. Pa. 1995) (citing cases).

27) The government's assertion in its July 1, 2021 submission that there was an ongoing grand jury criminal investigation "that is neither public nor known to all of the targets" is difficult to accept at face value. Rosa Calvanico – who was responsible for billing in Defendant's medical office – signed a cooperating plea agreement with the government on July 9, 2020, over a year ago. The government has long ago produced witness statements (arising from government interviews and Blue Cross/Blue Shield interviews) from about 46 different witnesses, including Defendant's ex-husband, so the existence of an investigation is not a secret and no one else has been charged.

28) The only reasonable inference is that the government is not ready for trial, cannot get ready for trial, and is attempting to pressure Defendant into foregoing her right to a trial at the earliest possible date. *See In re Grand Jury Matters*, 751 F.2d 13, 19 (1st Cir. 1984) (observing that the district court is in the best position to determine whether government's use of the grand jury "constituted harassment" of the defendant and his attorney).

29) The government admits in its July 1, 2021 submission that it was using the grand jury to prepare for trial: according to the government, it could not locate the victims identified in the Indictment that was to be tried on August 3, 2021, so it is used the grand jury to gather evidence regarding available victims who were substituted at the last minute.

30) If the government has <u>not</u> been gathering new evidence against Defendant – for example, it suggests that all evidence has previously been provided to defense counsel, *see* Gov't Statement ¶ 6 ("The Government has produced to Defendant interview reports as they have been generated and health care benefit program materials, claims data, and other evidence as the Government has received them ...."), which is true only if one defines "previously" to include discovery provided as late as June 23, 2021, June 24, 2021, July 2, 2021, July 12, 2021, July 22, 2021, and August 4, 2021 – then it begs the questions as to why the government has delayed filing a superseding indictment until now, when it has caused maximum prejudice to Defendant's attempt to assert her right to a speedy trial; and, if it <u>has</u> been gathering new evidence to further investigate the conspiracy with which Defendant already has been charged – a possibility that also is suggested in its submission to the Court, *see id.* ("The Government anticipates continuing to provide such discovery material on an ongoing basis."), then it has abused the grand jury process.

31) Moreover, the government's potential misuse of the grand jury predates counsel's involvement in this case. Specifically, on November 1, 2019, Defendant's then-counsel wrote to

the government expressing concern regarding a representation by the government that it "has received and continues to receive, responses to grand jury subpoenas issued in the investigation of Dr. Chu."  As Ms. Luria pointed out, the post-indictment receipt of any records or other materials in response to even pre-indictment grand jury subpoenas is improper.  *United States v. Jeter*, 2015 WL 114118 (D. Md. Jan. 7, 2015).  In *Jeter*, the government accepted "property targeted by the pre-indictment subpoena" after an indictment was returned.  The district court held that this post-indictment acceptance of property constituted an improper "use" of the grand jury because the "sole or dominant purpose of [which] was [to] obtain evidence against Mr. Jeter for use in the criminal proceeding against him." *Id.* at *1-*2. Counsel asked the government to identify all documents received post-indictment, the dates of issuance of its grand jury subpoenas and their return dates, including post-indictment grand jury subpoenas.  It does not appear that the government responded to Ms. Luria's letter.

32)     In *Jeter*, the district court held that a suppression remedy was not appropriate because there was no evidence that the post-indictment grand jury subpoena in that case was issued in bad faith.  Nevertheless, the court recognized that "Last-minute issuance of a grand jury subpoena could suggest a bad faith attempt to improperly use the power of the grand jury such that the exclusionary rule would be appropriate." *Id.* at *3.

33)     Here, the government's last-minute use of the grand jury strongly suggests a bad-faith attempt to defeat Defendant's right to a speedy trial.

34)     For these reasons, the Court should: (a) order the government to produce a transcript of the grand jury proceedings for review by counsel and the Court; (b) order the government to produce copies of all grand jury subpoenas issued; (c) order the government to identify all documents received post-indictment; (d) order an independent review of

communications by the prosecution team to determine the reason for the delay in presenting a superseding indictment; and (e) hold an evidentiary hearing to determine whether the government has, in fact, abused the grand jury to defeat Defendant's right to a speedy trial.

35) If the government has abused the grand jury process and, thereby, defeated Defendant's right to a speedy trial then the only proper remedy is a dismissal of the Indictment with prejudice.

Respectfully submitted,

Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**
433 Hackensack Avenue, Suite 1002
Hackensack, New Jersey 07601
(201) 441-9056
mberman@hdrbb.com

*Attorneys for Defendant
Alice Chu*

Dated: August 20, 2021