# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **United States of America**<br><br>v.<br><br>**Alice Chu** | Criminal No.: 19-cr-0678-WJM<br><br>OPINION |

## WILLIAM J. MARTINI, U.S.D.J.:

This matter comes before the Court on three separate motions and requests: (1) the Government's motion to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*, ECF No. 76; (2) Defendant Alice Chu's ("Defendant") motion to dismiss the Superseding Indictment with prejudice under the Speedy Trial Act and the Sixth Amendment, ECF No. 75; and (3) Defendant's signed waiver of her right to a jury trial, ECF No. 77. For the reasons set forth below, and on the record during the January 31, 2022 hearing via video conference, Defendant's motions are **DENIED** and the Government's motion is **GRANTED**.[1]

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Because the Court writes primarily for the benefit of the parties, it will only discuss the background of this case as necessary to resolve the instant motions. The Court incorporates, and will not repeat here, the facts and procedural history of this case as set forth in its prior opinions, familiarity with which is assumed.

After a series of continuances and delays, Defendant's jury trial was set to begin on January 12, 2022.[2] However, in light of the emergence of the Omicron variant of COVID-19, and the resulting increase in COVID-19 cases in this District, on December 29, 2021, Chief Judge Wolfson issued Standing Order 2021-11 continuing all in-person proceedings, including criminal trials, and excluding time under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* through January 31, 2022. Standing Order 21-11 ¶¶ 3-4, ECF No. 72. Due to the Standing Order, the possibility of the extension thereof, and the time needed to order a jury, the Court rescheduled Defendant's trial date to March 1, 2022. In response to this new date, the parties have made several motions and requests. First, Defendant has moved, once again, for dismissal of the Superseding Indictment with prejudice due to the delays in her

---

[1] The Court previously entered an Order granting the Government's motion to continue and exclude time under the Speedy Trial Act through March 1, 2022. ECF No. 82. This Opinion addresses the basis for that decision as well as the remaining requests by the Defendant.

[2] The parties had previously consented to a continuance and exclusion of time under the Speedy Trial Act from November 9, 2021 through January 12, 2022. November 12, 2021 Order, ECF No. 67.

trial date, which, of course, the Government has opposed. In the alternative to dismissal, Defendant requests that the Court conduct a bench trial on non-consecutive days in February, which the Government has also opposed. Finally, the Government has sought entry of a further continuance order excluding the time from January 12, 2022 through March 1, 2022 for Speed Trial Act purposes, which Defendant opposed.

## II.   LEGAL STANDARD

The Sixth Amendment guarantees all criminal defendants "the right to a speedy and public trial." U.S. Const. amend. VI. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *United States v. MacDonald*, 456 U.S. 1, 8 (1982). Despite this guarantee, however, the Sixth Amendment does not proscribe any specified length of time within which a criminal trial must commence.

To give effect to the Sixth Amendment right to a speedy and public trial, Congress enacted the Speedy Trial Act, which sets "specified time limits after arraignment or indictment within which criminal trials must be commenced." *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 (3d Cir. 1988). As relevant here, the Speedy Trial Act requires that a criminal trial begin within seventy (70) days from the date on which the indictment was filed, or the date on which the defendant makes their initial appearance, whichever occurs last. 18 U.S.C. § 3161(c)(1). Recognizing the need for flexibility depending on the circumstances of particular cases, however, the Speedy Trial Act also "includes a long and detailed list of periods of delay that are excluded in computing the time within which trial must start." *Zedner v. United States*, 547 U.S. 489, 497 (2006); *see* 18 U.S.C. § 3161(h). Of particular importance here, the Speedy Trial Act provides for the exclusion of:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). In determining whether the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial, the Speedy Trial Act sets forth a non-exhaustive list of factors for the Court to consider, including "[w]hether the failure to grant such a continuance in the proceeding would be

likely to make a continuance of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B). If a trial does not begin within seventy "non-excluded" days, the indictment must be dismissed upon the defendant's motion. 18 U.S.C. § 3162(a)(2). Defendant bears the burden of proof in showing that a speedy trial violation has occurred such that dismissal is warranted.

## III. DISCUSSION

The Court is asked to resolve two essentially competing motions: Defendant's motion to dismiss with prejudice and the Government's motion to exclude time. The Court will address each motion in turn.

### A. Defendant's Motion to Dismiss

Defendant seeks dismissal of the Superseding Indictment for a violation of her speedy trial rights under both the Speedy Trial Act and the Sixth Amendment. Alternatively, Defendant seeks to waive her right to a jury trial and proceed by way of bench trial on nonconsecutive days in February 2022. The Court addresses each argument in turn.

#### 1. Violations of the Speedy Trial Act

At the outset, the Court notes that there is no dispute that, as of the date of Defendant's motion, thirty-eight (38) days remained on Defendant's speedy trial clock. There is also no dispute that the Court entered a continuance, with the consent of both parties, excluding time for Speedy Trial Act purposes through January 12, 2022. The only real dispute between the parties is whether Chief Judge Wolfson's Standing Order 2021-11 appropriately excluded time for Speedy Trial Act purposes in this specific case through January 31, 2022. The Court concludes that it did.

In seeking dismissal, Defendant reiterates many of the same arguments she raised in her prior motions to dismiss the Indictment or Superseding Indictment, or to reconsider the Court's rulings with respect thereto – namely, that Chief Judge Wolfson did not conduct the appropriate balancing test in issuing Standing Order 2021-11, and that, even if she did, an exception thereto is warranted based on Defendant's individual circumstances. In ruling on Defendant's prior motions, the Court has already considered and rejected these same arguments. The Court finds Defendant's arguments similarly unavailing with respect to Standing Order 2021-11.

First, Chief Judge Wolfson made a number of relevant factual findings that apply equally to Defendant's case as to other cases pending in this District. For example, Chief Judge Wolfson noted the dramatic and concerning spike in COVID-19 cases brought on by the Omicron variant in this District, the lagging percentage of the eligible population to have received a booster shot of the COVID-19 vaccines, and the risk of transmission attendant in in-person proceedings such as jury selection and jury trials. Standing Order 2021-11, at 1-2. Indeed, Chief Judge Wolfson's findings in this regard were prescient – in the weeks that followed the issuance of Standing Order 2021-11, New Jersey continued to report record-breaking numbers of COVID-19 cases with rolling 7-day averages above

25,000 confirmed cases,[3] as well as a nearly 100% increase in the number of state-wide hospitalizations between December 28, 2021 and January 11, 2022.[4]

Second, in light of these factual findings, Chief Judge Wolfson conducted the appropriate balancing test under the Speedy Trial Act in excluding time through January 31, 2022. As with previous exclusions of time pursuant to standing orders, Chief Judge Wolfson noted and considered criminal defendants' "trial, procedural, and substantive rights" and, specifically, their right to a speedy and public trial under the Sixth Amendment, and weighed those rights against the "compelling public health and safety issues" related to the COVID-19 pandemic as outlined in Standing Order 2021-11. Standing Order 2021-11 at ¶ 4. In so doing, the Chief Judge concluded that the failure to grant a continuance and exclusion of time would "be likely to make a continuation of proceedings impossible, or result in a miscarriage of justice" because, among other things, the Court would be unable to "assure that . . . there is a full, unhindered, continuously serving jury venire and seated jury in every case." *Id.* Indeed, with the record-breaking number of cases within the District throughout the month of January, the ability to seat a full, continuously serving jury was at substantial risk.

On this point, the Court pauses to address Defendant's comparison of jury trials to routine, non-essential activities that have remained open throughout January. Defendant is, of course, correct that many non-essential businesses and institutions remained open throughout the last month, notwithstanding, and likely contributing to, the dramatic spike in confirmed cases. Defendant ignores, however, the fundamental practical differences between compulsory jury service and these other activities. If the Court were to have held a jury trial starting January 12, 2022, as scheduled, and a participant, be it a juror or a witness or Defendant herself, contracted COVID-19 and was required to quarantine for an extended period or exposed other trial participants to COVID-19, there would have undoubtedly been a substantial interruption in the proceedings. Far from simply staying home and ordering takeout rather than going to a restaurant for dinner, the effect of a confirmed case of COVID-19 among would-be trial participants would likely be severe. It would grind the proceedings to a halt and, in all likelihood, necessitate a mistrial, wasting more time and more resources. Further, unlike recreational or non-essential activities in which participants balance their own individual risks, compulsory jury service during the largest spike in confirmed cases of COVID-19 would force members of the community to gather indoors regardless of the individual risks to them or their families or other close contacts. This is a difficult decision to make and an unprecedented, delicate balance to strike, one the Court has noted repeatedly it does not make lightly. Chief Judge Wolfson has weighed these considerations appropriately, as required by the Speedy Trial Act, and rendered a reasonable decision in light thereof as detailed in Standing Order 2021-11.

---

[3] *See* N.J. Dep't of Health, COVID-19 Dashboard, Cases and Trends, New Confirmed Cases Over Time, https://www.nj.gov/health/cd/topics/covid2019_dashboard.shtml (last accessed January 31, 2022).

[4] *Id.* at Hospital Census, Hospitalizations.

As before, the Court also concludes that Defendant's individual circumstances do not warrant an exception to Standing Order 2021-11. The Court acknowledges that Defendant's anxiety and concern as a result of the various delays in her trial, and that she has repeatedly invoked her right to a speedy trial over the past year. However, Defendant is not detained and is not at an increased risk of COVID-19 exposure due to prolonged pre-trial detention. The charges against her, though non-violent, are serious, and have increased in scope and severity since the return of the Superseding Indictment. Finally, as Chief Judge Wolfson found, in light of the conditions in this District since the end of December and throughout January, the Court has been unable to conduct a jury trial in such a way as to protect the safety of participants and minimize to an acceptable degree the risk of interruption or mistrial. Importantly, that inability applies as much to Defendant's case as to any other. As such, the Court cannot conclude that the forty-eight (48) delay in Defendant's trial (from January 12, 2022 to March 1, 2022) is so emergent and prejudicial that an exception to Standing Order 2021-11 is warranted.

Ultimately, even if the Court were to conclude that an exception from Standing Order 2021-11 was warranted, Defendant would still not be entitled to the relief she seeks. As noted, there is no dispute that 38 days remained on Defendant's speedy trial clock and that the parties consented to an exclusion of time through January 12, 2022. Accordingly, even if Standing Order 2021-11 did not apply to Defendant's case, which it does, Defendant would still have another nineteen (19) days on her speedy trial clock. As such, no violation of the Speedy Trial Act has yet taken place and there is no basis upon which the Court may dismiss the Superseding Indictment with prejudice.

### 2. Violation of the Sixth Amendment

Though not explicit in Defendant's motion or her opposition to the Government's competing motion, Defendant appears to raise a direct violation of her right to a speedy trial under the Sixth Amendment. The Court disagrees.

To determine whether a violation of a defendant's Sixth Amendment right to a speedy trial, the Court considers four factors: (1) the length of the delay; (2) the reason for the delay, and specifically, whether the government or the defendant is more to blame; (3) the extent to which the defendant asserted her speedy trial right; and (4) the prejudice suffered by the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972). No single factor is dispositive, and "because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *United States v. Claxton*, 766 F.3d 280, 293 (3d Cir. 2014). Here, the delay of approximately twenty-nine (29) months between Defendant's initial indictment and her scheduled trial date is sufficient to warrant further inquiry into the remaining *Barker* factors. *See Hakeem v. Beyer*, 990 F.2d 750, 760 (3d Cir. 1993) (holding delay of fourteen months sufficient to trigger further inquiry).

Analysis of the remaining factors does not reveal that a Sixth Amendment violation has occurred. First, with respect to the reason for the delay, the Court notes that there have been a number of separate delays in this case caused by a variety of reasons. A substantial

portion of the delay is due to continuances agreed upon by both parties. Additional delays, including the most recent delay, have been due to standing orders issued by Chief Judge Wolfson continuing all jury selections and trials due to the conditions of the COVID-19 pandemic in this District. Yet more delays have been due to the return of the Superseding Indictment a week before trial was set to begin in August 2021, as well as scheduling conflicts with defense counsel that required a further continuance from a rescheduled October 12, 2021 trial date. In other words, the delays in this case are attributable to the Government, Defendant, both parties together, and nobody at all. Because the Court cannot say that the delays in bringing this case to trial are substantially the fault of the Government alone, this factor weighs against finding a Sixth Amendment violation. *See United States v. Villalobos*, 560 F. App'x 122, 126 (3d Cir. 2014).

Second, although Defendant has repeatedly invoked her right to a speedy trial over the past year, this factor, too, weighs against finding a Sixth Amendment violation. "Repeated assertions of the right [to a speedy trial] do not . . . balance this factor in favor of a [defendant] when other actions indicate that [s]he is unwilling or unready to go to trial." *Beyer*, 990 F.3d at 800. Here, Defendant's actions demonstrate that she has benefited to some extent from the delays in this case. For example, although Defendant sought dismissal of this case following the return of the Superseding Indictment and the resulting delay in trial, this delay allowed Defendant sufficient time to prepare a detailed expert report in support of her defense that was dated after the date the trial was initially set to begin in August 2021. *See* 12.2(b) Notice, ECF No. 56. Similarly, when trial was rescheduled to October 12, 2021, it had to be continued yet another time due to defense counsel's scheduling conflicts related to a separate proceeding.

Finally, the Court considered prejudice to the Defendant as a result of the delay. "Courts generally evaluate three types of prejudice that can result from an improperly delayed trial: oppressive pre-trial incarceration, anxiety and concern, and impairment of the defense. *Villalobos*, 560 F. App'x at 127. Here, only one such interest is implicated – Defendant's prolonged anxiety and concern. The Court has recognized, and continues to recognize, Defendant's desire to proceed to trial and resolve this case one way or the other as soon as possible. The Court also recognizes the toll Defendant claims the prolonged delay has had on her mental health and financial condition. However, the Court does not have any supporting documentation detailing the prejudicial effects of this delay and, as such, the Court's consideration of this factor is necessarily limited. Though it certainly weighs in Defendant's favor, the Court cannot conclude that her prejudice, standing alone, tips the balance of the other factors in her favor. Accordingly, the Court finds that no Sixth Amendment violation has occurred, and Defendant's motion is denied.

### 3. Waiver of Right to a Jury Trial

Finally, Defendant has waived her right to a jury trial, and urges the Court to hold a bench trial on nonconsecutive days in February to ensure a speedier resolution of her case. The Government has objected Defendant's request and insists on a jury trial beginning on March 1, 2022.

The Sixth Amendment guarantees, among other things, a criminal defendant's right to a trial by an impartial jury. U.S. Const. amend. VI. Rule 23(a) of the Federal Rules of Criminal Procedure codifies the Sixth Amendment's guarantee and the underlying judgment that trial by jury is the "normal and preferable mode of disposing of issues of fact in criminal cases." *Singer v. United States*, 380 U.S. 24, 35 (1965). Rule 23(a) provides that, "[i]f the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). The plain, literal meaning of the words in Rule 23(a) thus require government consent before the Court may order a bench trial in a criminal case for which a jury trial is normally required – in effect granting the Government a veto power over whether to hold a bench trial in such cases. *See United States v. Macken*, No. 2:20-cr-00023-KJM, 2021 WL 698204, at *2 (E.D. Cal. Feb. 23, 2021). The Supreme Court has upheld the constitutionality of this "prosecutorial veto," and noted that criminal defendant's have no constitutional right to a speedy trial before and fair and impartial judge. *Singer*, 380 U.S. at 35-36.

Although the Supreme Court left open the possibility that exceptions to Rule 23(a)'s consent requirement could exist in sufficiently compelling circumstances, such circumstances are exceedingly rare and have never been acknowledged by the Third Circuit. *United States v. Saferstein*, Crim. No. 07-CR-557, 2009 WL 1010501 (E.D. Pa. Apr. 14, 2009). Moreover, courts that have considered the issue, including within the context of the COVID-19 pandemic, have found that a defendant's personal right to a speedy trial is insufficient, standing alone, to justify departure from the plain language of Rule 23(a). *See, e.g., Macken*, 2021 WL 698204, at *3 ("No court has granted a defendant's request to waive his right to a jury trial over the government's objection when that request rested on the right to a speedy trial."); *United States v. Cohn*, 481 F. Supp. 3d 122, 132 (E.D.N.Y. 2020) ("From its inception, the Supreme Court made clear that the *Singer* exception to the government consent requisite of Rule 23(a) does not apply to a defendant's demand for a speedy trial, without more.").

Here, Defendant has requested a bench trial in February, rather than a jury trial in March, "because the sooner [her trial] starts the sooner it will be over." Def. Opp'n at 4, ECF No. 76. As noted, however, Defendant's desire for a faster and shorter trial is insufficient to order a bench trial over the Government's objection.

Defendant also attempts to justify her request on the basis that there are practical benefits to a bench trial over a jury trial, particularly in the mitigation of risk of prejudice or mistrial in event of a COVID-19 related interruption. Neither reason, however, is sufficient to warrant ordering a bench trial in this case over the Government's objection at this time. The Court will not speculate on the conditions surrounding the COVID-19 pandemic in this District a month from now, and will not overrule the Government's objection to a bench trial on the assumption that a jury trial starting March 1, 2022 will take longer or risk greater prejudice than a bench trial on nonconsecutive days in February.

### B. Government's Motion to Continue and Exclude Time

In contrast to Defendant's motion to dismiss, the Government seeks an order continuing this case and further excluding time through March 1, 2022 – Defendant's new trial date. As noted, in determining whether to grant an "ends of justice" continuance under 18 U.S.C. § 3161(h)(7)(A), the Court considers a number of factors, including "whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). For many of the same reasons the Court has denied Defendant's motion to dismiss, it will grant the Government's motion to continue and exclude time.

The Court adopts and incorporates Chief Judge Wolfson's factual findings and conclusions with respect to the Court's ability to safety and effectively conduct a jury trial for the expected duration of Defendant's trial and further notes the restrictions on and practical difficulties in the process of jury selection in light of the ongoing COVID-19 pandemic. As such, the Court concludes that March 1, 2022 is the earliest date on which it could properly and safely summon a pool of jurors, select a full jury, and minimize to an acceptable degree the risk of a COVID-19 related interruption or mistrial. Absent a continuance and corresponding exclusion of time for Speedy Trial Act purposes, the safe continuation of these proceedings would likely be impossible or would be exceedingly likely to result in a miscarriage of justice.

Accordingly, the Court finds that the ends of justice served by the granting of a continuance and exclusion of time under the Speedy Trial Act through March 1, 2022 outweigh the best interest of the public and Defendant in a speedy trial in this case. The Government's motion is therefore granted.

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss and request for a bench trial are **DENIED**. The Government's motion is **GRANTED**. Appropriate orders follow.

WILLIAM J. MARTINI, U.S.D.J.

Date: **February 16, 2022**