HARTMANN DOHERTY
ROSA BERMAN & BULBULIA
Limited Liability Company         Attorneys At Law

433 Hackensack Avenue, Ste. 1002
Hackensack, New Jersey 07601
t: 201.441.9056
f: 201.441.9435
www.hdrbb.com

New York Office
1270 Avenue of the Americas, Ste. 816
New York, New York 10020
t: 212.344.4619

Short Hills Office
830 Morris Turnpike, 3rd Floor
Short Hills, New Jersey 07078
t: 973.467.1325

Rockland Office
2 Executive Boulevard, Ste. 300
Suffern, New York 10901-8219
t: 845.357.7900

March 8, 2022

**VIA EMAIL**

Hon. William J. Martini
United States District Judge
50 Walnut Street
Newark, New Jersey 07101

        **Re:**    *USA v. Chu*
                  **Criminal No. 19-678 (WJM)**

Dear Judge Martini:

      Please accept this letter on behalf of Defendant Alice Chu with respect to the imposition of a GPS monitoring obligation as a condition of her post-trial release. For the reasons set forth below, we ask the Court to refrain from imposing such a condition unless and until Defendant acts in a way that indicates such a condition is necessary.

      18 U.S.C. § 3143(a)(1) provides in relevant part as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition ... of sentence ... be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

As the Court found at today's post-trial detention hearing, Defendant does not pose a danger to the safety of any other person or the community. To the contrary, through the pendency of this prosecution, U.S. Pretrial Service's primary concern – and appropriately so – has been that Defendant poses a danger to herself. That risk has become even more acute as a result of the jury's verdict, which is why the Court quite appropriately ordered Defendant to undergo a mental health evaluation.

      In addition, as the Court found, there is clear and convincing evidence that Defendant Chu is not likely to flee pending sentencing. She is an American citizen who has lived in the United States for 35 years. Her sons live in New Jersey and New York. She surrendered her passport to U.S. Pretrial Services long ago and has not applied for a new one. She has remained fully compliant with all the travel restrictions imposed as conditions of her pretrial release, including abiding by the Court's Orders denying her requests to travel to Korea for important family matters. In addition, the Court previously determined that Defendant is indigent. Her financial situation has

Hon. William J. Martini, U.S.D.J.
March 8, 2022
Page 2

not changed: Presently, Dr. Chu has $1,060.16 in her personal bank account and $13,192.33 in New Life Rheumatology's bank account.[1]

After the jury's verdict, the government expressed a concern about the *possibility* of undisclosed assets owned by Dr. Chu but it did not present any evidence to substantiate such speculation.[2] To the contrary, defense counsel voluntarily provided the government with real estate closing records which established that the concerns expressed by the government with respect those properties were erroneous. Defendant cannot be expected to prove a negative (*i.e.*, that she does *not* have hidden assets). If the government has proof of hidden assets then it should come forward with them so that they can be confronted by Defendant, just as Defendant disproved the government's erroneous speculation that the commercial property sold earlier this year was not encumbered; in fact, it was, the property was underwater, and the sale was a foreclosure. No closings funds went to Dr. Chu.

When the Court first proposed conditioning Defendant's release pending sentencing upon GPS monitoring, defense counsel did not anticipate it would be problematic and, for that reason, did not object. Unexpectedly, however, after leaving the courtroom and reporting to Pretrial Services as ordered, Dr. Chu reacted hysterically, nearly becoming catatonic, when confronted with the actual placement of the GPS monitor on her body. To say her reaction was atypical is an understatement.

This unexpected development warrants reassessment. In the absence of any actual evidence that Dr. Chu is a flight risk, GPS monitoring is not necessary to "reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(b). Even if the Court were to conclude that Dr. Chu's appearance were not reasonably assured by a recognizance bond (the minimum condition envisioned by Section 3142(b)), and there really is no evidence upon which to premise such a finding, then Section 3142(c)(1)(B) directs the Court to impose "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required." Section 3142(c)(1)(B) lists many other alternatives other than GPS monitoring to ensure Defendant's appearance, including, for example, curfew, home confinement, in-person reporting to pre-trial services, etc. There is no reason to believe that one or more of those other conditions will reasonably assure Defendant's appearance at sentencing, given her past compliance with all conditions imposed by the Court.

As the Supreme Court has observed, "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 5 18 U. S. 81, 113 (1996). While articulated in the context of sentencing, this principle seems equally applicable to all aspects of

---

[1] Counsel will provide the Court with copies of the bank account balances and closing documents referenced below in this letter but has not electronically filed them because they contain a significant amount of sensitive personal identification information.

[2] The Superseding Indictment contains a forfeiture provision so, presumably, the government has already made some effort to identify property (including hidden property) owned by Defendant.

Hon. William J. Martini, U.S.D.J.
March 8, 2022
Page 3

post-conviction practice. *See United States v. Vizcaino*, No. 20 CR. 241(RMB), 2020 WL 1862631, at *2 (S.D.N.Y. Apr. 14, 2020) ("In making a bail determination, the court makes an individualized assessment ...."); *United States v. Patriarca*, 776 F. Supp. 593, 597 (D. Mass. 1991) ("I denied Mr. Patriarca's co-defendant Dennis Lepore's request for release, in part because I found that he had fled in connection with the original indictment in this case, and I was not satisfied that there was a combination of reasonable conditions that would reasonably assure his appearance in the future. Each defendant is unique and each is entitled to have his case decided with a recognition of that.").

Here, for reasons not understood or anticipated by counsel, Dr. Chu had a visceral negative reaction to the physical application to her body of a GPS monitor; the reaction was not imaginary or feigned. Forcing Defendant to be confined at the Essex County Correctional Center pending sentencing is not a necessary or palatable alternative given the legitimate concerns regarding her fragile emotional/mental state, concerns that are corroborated by U.S. Pretrial Service's experience with Defendant over the past 2+ years.

For these reasons, if the Court makes a finding that a recognizance bond is not sufficient to assure Defendant's appearance at sentencing, counsel respectfully requests that the Court impose some combination of conditions other than electronic monitoring that are appropriate for this particular, unique and atypical defendant. *See Patriarca*, 776 F. Supp. at 598 ("I note that the combination of conditions imposed must, to my satisfaction, reasonably assure the Defendant's appearance and the community safety. But it is not necessary, appropriate or correct for me to require that those conditions guarantee his appearance or the safety of the community. What is required is a reasonable assurance. In connection with this, ultimately this Court and, indeed, any court must make a judgment. A judgment must be made whether the defendant will observe the conditions of release.").

Thank you for your consideration of this request.

Respectfully submitted,

Mark A. Berman

cc: Counsel of Record (via ECF)