**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 19-0678-WJM |
| -vs- | |
| | **DEFENDANT ALICE CHU'S** |
| ALICE CHU, | **MOTION FOR A NEW TRIAL** |
| Defendant. | |

PLEASE TAKE NOTICE that Defendant Alice Chu hereby moves the Court for a new trial under Federal Rule of Criminal Procedure 33, in the interest of justice. In support of this application, Defendant relies upon following:

1)      At trial, the government introduced testimony from Rosa Calvanico that she had submitted false invoices to Medicare for knee injections that were never administered to her and that Dr. Chu herself made false entries in Calvanico's medical records in furtherance of this fraudulent scheme.

2)      Calvanico's testimony in this regard was the only direct evidence of Dr. Chu's involvement in falsifying any records related to false Medicare billings.

3)      This conduct is not charged in the Superseding Indictment as a substantive healthcare fraud count. This conduct is not charged in the Superseding Indictment as a substantive kickback count. This conduct is not charged in the Superseding Indictment as a manner and means of the charged healthcare fraud conspiracy. Because this conduct neither directly proves the conduct actually charged in the Superseding Indictment nor facilitated the conduct actually charged in the Superseding Indictment, this conduct is not intrinsic evidence of the substantive heathcare fraud counts or the healthcare fraud conspiracy count. *United States v. Green*, 617 F.3d 233, 248 (3d Cir. 2010).

4)      The government's failure to provide fair notice of this uncharged conduct violated the Sixth Amendment. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation ...."). *See Rosen v. United States*, 161 U.S. 29, 34 (1896) ("A defendant is informed of the nature and cause of the accusation against him if the indictment contains such description of the offense charged as will enable him to make his defense, and to plead the judgment in bar of any further prosecution for the same crime."); *United States v. Ferranti*, 59 F. Supp. 1003, 1004 (D.N.J. 1944) ("The accused must receive sufficient information to enable him to reasonably understand, not only the nature of the offense, but the particular act or acts touching which he must be prepared with his proof; and when his liberty, and perhaps his life, are at stake, he is not to be left so scantily informed as to cause him to rest his defense upon the hypothesis that he is charged with a certain act or series of acts, with the hazard of being surprised by proofs on the part of the prosecution of an entirely different act or series of acts, at least so far as such surprise can be avoided by reasonable particularity and fullness of description of the alleged offense.").

5)      In addition, under Federal Rule of Evidence 404(b)(3)(A), the prosecutor is required to "provide reasonable notice of any ... evidence [of any other crime, wrong or act] that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it," must "articulate in the notice the permitted purpose of which the prosecutor intend to offer the evidence and the reasoning that supports the purpose," and must "do so in writing before trial ...."

6)      On February 2, 2022, defense counsel emailed the government and demanded as follows:

> No later than two weeks before March 1, 2022, please provide us with written notice of any Rule 404(b) evidence the government intends to

introduce at trial, the purpose for which it will be used, and the reasons that support it.

*See* Ex. A (2/2/2022 Email from Counsel).

7)      The government never responded to this request and did not disclose its intention to introduce at trial Calvanico's testimony regarding knee injections.

8)      Because Calvanico's testimony regarding Dr. Chu's alleged personal falsification of Calvanico's patient chart was the only direct evidence of Dr. Chu's personal involvement in the falsification of medical records, it was particularly prejudicial.

9)      It was Defendant Chu's intention to testify in her own defense at trial, which testimony would have included, among other things, explanations of the medical decisions, the connection between allergy testing and rheumatoid arthritis, and her prescriptions of Rituxan.

10)      As a result of Calvanico's testimony – which was the only direct evidence of Defendant's involvement in fraudulent conduct – the decision was made for Dr. Chu not to testify in her own defense.

11)      As a result of that decision, however, the defense was left without a witness who could address the medical necessity of Dr. Chu's prescribing decisions, an absence that the Court itself commented upon in addressing the parties' request to charge.

12)      Consequently, as a result of the government's failure to disclose this evidence of other wrongful conduct prior to trial, Defendant was unfairly prejudiced. *See United States v. Brown*, 765 F.3d 278, 291 (3d Cir. 2014) (granting new trial where government was permitted to introduce at trial evidence of prior bad acts); *United States v. Lopez*, 635 F. App'x 49, 53-54 (3d Cir. 2015) (affirming trial court's grant of new trial where trial court recognized that it "did not articulate any reason why Lopez's prior conviction was admissible under Rule 404(b), nor did it in any way adopt the government's proffered reasoning."); *United States v. Grass*, No. CRIM.A.

00-120-01, 2002 WL 59364, at *9 (E.D. Pa. Jan. 16, 2002) (granting new trial where "[i]n light of this prejudice, this court cannot say that it was highly probable that the jury's exposure to the testimony regarding prior marijuana sales did not affect the judgment of the jury").

13)   The interest of justice requires that Dr. Chu receive a new trial at which defense counsel is put on notice prior to trial that the government intends to introduce evidence of criminal conduct not charged in the Superseding Indictment so that defense counsel can be prepare a defense that takes into consideration those allegations.

For these reasons, the Court should enter an Order granting Defendant a new trial.

Respectfully submitted,

Mark A. Berman, Esq.
**HARTMANN DOHERTY ROSA**
**BERMAN & BULBULIA, LLC**
433 Hackensack Avenue, Suite 1002
Hackensack, NJ 07601
(201) 441-9056
mberman@hdrbb.com

*Attorneys for Defendant*
*Alice Chu*

Dated: March 22, 2022