# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>v.<br><br>**ALICE CHU**,<br><br>**Defendant.** | Crim. No. 2:19-cr-0678 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on defendant Alice Chu's ("Defendant") second motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. ECF No. 120. For the reasons set forth below, Defendant's motion is **DENIED**.

## I.  BACKGROUND

The Court assumes familiarity with the facts of this matter, as discussed in the Court's previous Opinion on June 28, 2022, and will only discuss the relevant facts below. Following a six-day trial, Defendant was found guilty by a jury on Counts 1-6 of the superseding indictment for health care fraud and conspiracy to commit health care fraud, and not guilty on Counts 7-8 for receipt of healthcare kickbacks. Defendant filed her first motion for a new trial on March 22, 2022, which this Court denied on June 28, 2022. After changing counsel twice, Defendant filed this present motion on October 31, 2022. Oral argument was held on December 19, 2022.

## II.  LEGAL STANDARD

Rule 33 of the Federal Rules of Criminal Procedure provides, in relevant part, that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Where, as here, a Rule 33 motion is based on "an alleged error or combination of errors at trial," a new trial will be ordered only when it is "reasonably possible that such error, or combination of errors, substantially influenced the jury's decision." *United States v. Tiangco*, 225 F. Supp. 3d 274, 279 (D.N.J. 2016) (quotations omitted); *see also United States v. Thornton*, 1 F.3d

149, 156 (3d Cir. 1993) ("A new trial is required on [the basis of evidentiary errors] only when the errors, when combined, so infected the jury's deliberations that they had a substantial influence on the outcome of the trial." (cleaned up)).

### III. DISCUSSION

Defendant's motion for a new trial claims newly discovered evidence as well as various alleged instances of ineffective assistance of counsel warrant vacating her conviction and granting a new trial.

#### a. Newly Discovered Evidence

A court may only grant a new trial based on newly discovered evidence when the evidence is: (1) newly, (2) diligently discovered, as well as (3) non-cumulative and non-impeaching, (4) material, and (5) capable of "probably" producing an acquittal. *See United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). Failure to satisfy any one of those elements is fatal to a motion for a new trial. *See United States v. Kelly*, 539, F.3d 172, 182 (3d Cir. 2008) ("If just one of the requirements is not satisfied, a defendant's Rule 33 motion must fail"). This newly discovered evidence, Defendant argues, consists primarily of undisclosed criminal activity of Defendant's co-conspirator, Rosa Calvanico, and inconsistent deposition testimony Calvanico provided during a civil case stemming from this matter. Defendant alleges Calvanico created a scheme where she added two individuals, Samuel and Jung Park, to the payroll of New Life Rheumatology and collected their paychecks for her own purposes. Defendant concedes that she learned of this alleged "scheme" prior to trial when a payroll run was conducted but claims that the newly discovered portion was that the "scheme" lasted more than one year, which she alleges she learned after the trial concluded. Defendant's trial counsel "acknowledged to [her] that the example of theft went to Calvanico's credibility, but since there was only one example of [the] same, trial counsel concluded it was of limited value." Def.'s Motion at 4.

However, as the Government correctly notes, "evidence is not 'newly discovered' if, at the time of trial, it was actually known or could have been known through reasonable diligence by the defendant or his counsel." *United States v. Bergrin*, 2022 U.S. App. LEXIS 9198, at *4 (3d Cir. Apr. 6, 2022). Defendant claims to have learned the extent of this alleged scheme when closing down her business due to her conviction, but the Government correctly points out that she knew or could have known this through reasonable diligence. First, the payroll records were in her possession the entire time. Second, the Government produced to Defendant her company's wage report from the New Jersey Department of Labor and Workforce Development on October 29, 2019, nearly two years before trial. Third, the Government identified this wage report on its trial exhibit list and produced it pre-marked to the Defendant on September 14, 2021, over five months before trial. Finally, the exhibit was ultimately admitted as Government Exhibit 170 at trial. Therefore, these alleged payroll discrepancies do not constitute newly discovered evidence under Rule 33.

Defendant next claims that Calvanico provided inconsistent deposition testimony on August 9, 2022, at a later civil case involving Horizon Blue Cross Blue Shield of New

Jersey and New Life Rheumatology Center, LLC. Defendant claims that Calvanico "denied what she had already pled guilty to and told the jury that she did." Specifically, when asked "[y]ou and Dr. Chu and others who are not identified in [the indictment] agreed to solicit illegal kickbacks or bribes in connection with allergy testing or allergy services at the practice?" Calvanico responded, "I didn't, no." When later asked "[d]id you falsify or alter or cause falsification or fabrication of any medical records relating to a patient's allergy testing or allergy treatment?" Calvanico replied "I didn't. I didn't specifically change medical records, but I know that medical records were amended…" Although this seemingly inconsistent testimony is newly and diligently discovered, it is nonetheless merely impeaching and incapable of probably producing an acquittal. This testimony would go to the credibility of Calvanico as a witness, but the substantial additional evidence admitted at trial both corroborated Calvanico's testimony and provided independent proof to support Defendant's health care fraud convictions. Twelve other witnesses testified, including several of Defendant's former patients who testified that they were never given certain treatments despite being billed for them and Defendant's former employee, Wilson Pinargote, who documented each time Defendant submitted a fraudulent "buy and bill" claim for medication Defendant did not buy. Defendant's newly discovered evidence in this regard is merely impeaching and insufficient to grant a new trial under Rule 33.

### b. Ineffective Assistance of Counsel

Defendant spends the remainder of her motion discussing alleged instances of ineffective assistance of counsel warranting a new trial. However, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict of finding of guilty." Fed. R. Crim. P. 33. Defendant's motion is therefore untimely. Furthermore, the Third Circuit has expressed a strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255, where the record for such claims may be properly developed. *See Massaro v. United States*, 538 U.S. 500, 504 (2003); *United States v. Garcia*, 513 Fed. App'x 149, 151 (3d Cir. 2013); *United States v. Chorin*, 322 F.3d 274, 282 n.4 (3d Cir. 2003) (citing *United States v. DeRewal*, 10 F.3d 100, 104-05 (3d Cir. 1993)) ("[T]his Court has expressed a preference that ineffective assistance of trial counsel claims be brought as collateral challenges under 28 U.S.C. § 2255, rather than as [Rule 33] motions for new trials or on direct appeal"). Although the Court has authority to hear the claims under a Rule 33 motion, allowing defendants to do so would only permit defendants to delay the enforcement of just sentences. Ineffective assistance of counsel claims are generally not ripe on a motion for a new trial or on direct review, but rather are to be presented, if at all, on collateral review. *See United States v. Kennedy*, 354 F. App'x 632, 637 (3d Cir. 2009) ("[R]arely, if ever, should an ineffectiveness of counsel claim be decided in a motion for a new trial or on direct appeal."); *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) ("It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack."). That latter mechanism is better suited "'to accommodate the interests in finality and fairness with respect to ineffective assistance of counsel

claims.'" *DeRewal*, 10 F.3d 100, 105 (3d Cir. 1993) (quoting *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir. 1988)).

## IV.     CONCLUSION

For the reasons set forth above, Defendant's motion for a new trial is **DENIED**. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 29, 2022**