2018R00938/RY/NKP/BAW/

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William J. Martini, U.S.D.J. |
| v. | : | Crim. No. 19-678 (WJM) |
| ALICE CHU, | : | ORDER OF FORFEITURE <u>(MONEY JUDGMENT)</u> |
| Defendant. | : | |

WHEREAS, on March 8, 2022, after a six-day jury trial, defendant Alice Chu was convicted of, *inter alia*, Count One of the Superseding Indictment, which charged her with conspiracy to commit health care fraud, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349;

WHEREAS, the Superseding Indictment contained notice of the Government's intent to seek forfeiture of all proceeds of the conspiracy offense charged in Count One of the Superseding Indictment as part of the defendant's sentence;

WHEREAS, as a result of the defendant's conviction of the Federal health care offense charged in Count One, the Court is required to sentence the defendant to forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense;

WHEREAS, the evidence presented at trial showed health care benefit programs paid the defendant:

(1) $1,823,241.63 based on fraudulent claims for allergy services that were ordered through illegal kickbacks and bribes, medically unnecessary and ineligible for reimbursement, and not provided as represented or never provided, *see, e.g.*, GX 1 (New Life Rheumatology Claims to Health Care Benefit Programs for Allergy Services 2016–2019); Tr. at 61–73 (Mar. 1, 2022) (Testimony of Stephen Quindoza); Tr. at 81–84, 88–95 (Mar. 2, 2022) (Testimony of Suzanne Oddo Rothenberg); *id.* at 157–59 (Testimony of Elizabeth Jurado-Mendoza); *id.* at 64, 69 (Testimony of Donna Hartmann); Tr. at 9–11 (Mar. 3, 2022) (Testimony of Argentina Diaz); *id.* at 38–40 (Testimony of Christopher D'Alessio); *id.* at 198–201 (Testimony of Barbara Bonafield); *id.* at 210–13 (Testimony of Cheryl Kobylarz); and

(2) at least $595,527.38 based on fraudulent "buy and bill" claims that falsely represented that defendant purchased infusion drugs when, in fact, she had not, *see, e.g.*, Tr. at 161–62 (Mar. 1, 2022) (Testimony of Rosa Calvanico); Tr. at 56–57 (Mar. 3, 2022) (Testimony of Wilson Pinargote); Tr. at 61–63, 68–70 (Mar. 4, 2022) (Testimony of FBI Special Agent Myrna Williams); GX 7 (New Life Rheumatology Purchases of Rituxan and Buy and Bill Claims for Rituxan).

WHEREAS, the Court specifically finds that the government's sentencing memorandum (at pages 2–5 and 20–22) is supported by the record by at least a preponderance of the evidence; and

WHEREAS, the Court finds by a preponderance of the evidence that, as a result of the Federal health care fraud conspiracy charged in Count One of

the Superseding Indictment, defendant Alice Chu obtained $2,418,769, representing the total reimbursements Chu obtained as a result of her fraudulent claims for allergy services from 2016 to 2019 ($1,823,241.63) and fraudulent "buy and bill" claims for Rituxan from 2016 to 2018 ($595,527.38); and

WHEREAS, the Court has thoroughly reviewed and analyzed Chu's memorandums in opposition, ECF No. 150, the Court finds that Chu has failed to adequately dispute the amount of gross proceeds received.

IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, based upon the evidence presented at trial, and for the reasons stated in this Order and on the record, the Court finds that the Government has proven by a preponderance of the evidence that the defendant Alice Chu is liable for a personal money judgment in the amount of $2,418,769, representing the amount of proceeds obtained by defendant Alice Chu as a result of the commission of the conspiracy offense charged in Count One of the Superseding Indictment.

2. A criminal forfeiture money judgment ("Money Judgment") in the amount of $2,418,769 is hereby entered against the defendant as to Count One of the Superseding Indictment, pursuant to 18 U.S.C. § 982(a)(7) and Federal Rule of Criminal Procedure 32.2(b).

3. All payments on the Money Judgment shall be made by (i) electronic funds transfer, as directed by the United States Attorney's Office; or (ii) postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey

07102, and shall indicate the defendant's name and case number on the face of the check.

4. The money judgment may be satisfied with proceeds, or, if the requisite showing is made pursuant to 21 U.S.C. § 853(p), substitute assets. All payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p). Until the defendant is sentenced, the United States Marshals Service shall deposit all payments on the Money Judgment in its Seized Assets Deposit Account. After the defendant is sentenced and the Judgment is entered on the docket, all payments on the Money Judgment shall be forfeited to the United States of America as substitute assets, pursuant to 21 U.S.C. § 853(p), and shall be deposited in the Assets Forfeiture Fund.

5. When the Money Judgment is fully satisfied, the United States shall file a Satisfaction of the Money Judgment.

6. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and 21 U.S.C. § 853(n), upon entry of this Order, and until this the Money Judgment is fully satisfied, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of substitute assets to satisfy this Money Judgment, or in connection with any petitions filed with regard to substitute assets, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. This Order shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

8. The Clerk of the Court is directed to enter a money judgment against the defendant in favor of the United States in the amount of $2,418,769.

9. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.


ORDERED this 21 day of March, 2023.

_____
HONORABLE WILLIAM J. MARTINI
United States District Judge